IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLENE MARIE TODD,                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )  Civil Action No. 18-365-E
                                   )
NANCY A. BERRYHILL,                )
Acting Commissioner of Social Security, )
                                   )
        Defendant.                 )

O R D E R

AND NOW, this 30th day of December, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., prior to April 10, 2018, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in several ways in finding that she was not disabled under the Social Security Act prior to April 10, 2018. First, she argues that the ALJ failed to give proper weight to the opinions of her treating mental health care providers. She further asserts that the ALJ failed to properly account for her claims of fatigue in formulating her residual functional capacity ("RFC"). Finally, she contends that the ALJ erred in determining her RFC pursuant to Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), because the RFC did not expressly address Plaintiff's moderate limitations in regard to concentration, persistence, and pace. The Court disagrees and instead finds that substantial evidence supports the ALJ's decision that Plaintiff did not become disabled until April 10, 2018.

Plaintiff's primary argument is that the ALJ gave insufficient weight to the opinions of her treating psychiatrists, Jennifer Zajac, D.O., and Sean Su, M.D. Plaintiff correctly asserts that when assessing a claimant's application for benefits, the opinion of the claimant's treating physicians generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).

Plaintiff alleges that the ALJ discounted the opinions of Drs. Zajac and Su merely on the basis of limited treatment notes implying that Plaintiff was doing well and because these doctors referenced suicidal ideation and hallucinations that Plaintiff denied having subsequent to

2

November 2012. However, this is not an accurate reflection of the ALJ's consideration of these opinions. First, while the ALJ did give Dr. Su's opinion little weight, he did give some weight to Dr. Zajac's opinion, accounting for many of Dr. Zajac's proffered functional limitations in the RFC. (R. 629-30). More importantly, though, the ALJ clearly evaluated these opinions, and all of the opinion evidence, in light of the entire record, which he discussed at significant length, including the longitudinal medical records, Plaintiff's routine and conservative treatment history, her activities of daily living, the findings and opinions of other medical professionals such as Rebecca Billings, Ph.D., and the state psychological reviewing agent, Plaintiff's GAF scores, and her inconsistent work history. (R. 626-30). Indeed, the Court notes that the opinions of Drs. Zajac and Su are not even particularly consistent with each other. The ALJ was quite thorough and specific in discussing how he formulated the RFC based on all of the record evidence, and his determination is supported by substantial evidence.

Plaintiff's second argument – that the ALJ inadequately accounted for her claims of fatigue – fares no better. The ALJ specifically discussed Plaintiff's claims of drowsiness and included limitations in the RFC expressly to account for such claims, as well as pain distraction. (R. 626, 628). Moreover, Plaintiff's claims of fatigue were based primarily on Plaintiff's own subjective complaints. While such claims were certainly relevant, the ALJ was not under an obligation to simply accept what she said without question. See 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); Chandler, 667 F.3d at 363. The ALJ here clearly considered Plaintiff's testimony, but found it to be not fully supported by the record. His discussion was extensive and supported by substantial evidence. Finally, Plaintiff does not really suggest what additional limitations needed to be included in the RFC to more properly account for her fatigue. The issue, ultimately, is not whether Plaintiff suffered from fatigue, but whether this condition "caused functional limitations that precluded [her] from engaging in any substantial gainful activity." Walker v. Barnhart, 172 Fed. Appx. 423, 426 (3d Cir. 2006). Nothing in the record suggests that any additional limitations were warranted.

As for Plaintiff's argument that the ALJ did not adequately account for her moderate limitations in regard to concentration, persistence, and pace in formulating the RFC pursuant to Ramirez, the Court notes that in Ramirez, the ALJ had limited the claimant to simple one or two-step tasks. Here, the mental limitations found by the ALJ in the RFC were more extensive and specific. The ALJ found that Plaintiff was limited to "routine, repetitive tasks that require only occasional judgment, decision-making, workplace changes, and interaction with coworkers, supervisors, and the public." (R. 625). These limitations went far beyond a limitation to simple one or two-step tasks or "unskilled work" and properly accounted for Plaintiff's deficiencies in concentration, persistence, and pace.

In sum, the Court finds that the weight afforded to the opinion evidence by the ALJ and his RFC findings were adequately discussed and supported by substantial evidence, especially in light of the United States Supreme Court's recent reminder that the threshold for meeting the substantial evidence standard "is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). Whether the evidence hypothetically could also have supported Plaintiff's position is irrelevant, as "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

decision." <u>Malloy v. Comm'r of Soc. Sec.</u>, 306 Fed. Appx. 761, 764 (3d Cir. 2009). For all of the reasons set forth herein, the Court affirms.